FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ AUG 2 5 2005 ★
TIME A.M.
P.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

THOMAS G. MAZZA,

          Plaintiff,

**MEMORANDUM AND ORDER**
05-CV-3546 (SLT)

-against-

W. CAPUTO,

          Defendant.
----------------------------------X

TOWNES, United States District Judge:

Plaintiff brings this *pro se* action against defendant seeking $1,000,000 in damages.[1] Plaintiff's one-page complaint alleges, "The jurisdiction of this court is invoked pursuant to violation of default judgment ... Defendant not paying judgement is delaying me from selling my home." Compl. ¶¶ III-IV. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, plaintiff is directed to file an amended complaint within thirty (30) days from the date of this Order.

## DISCUSSION

A.   <u>Standard of Review</u>

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,'" such

---

[1] Plaintiff has filed two other cases in this Court: Mazza v. America Online Inc., et al., 05-CV-3545 (SLT) (pending); Mazza v. City of New York, 04-CV-5081 (SLT) (dismissed Dec. 10, 2004).

1

as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Second Circuit has held that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999)).

B.      Federal Rule of Civil Procedure 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." It is well-settled that a pleading must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957), so as to enable the adverse party to answer and prepare for trial and to allow for the application of the doctrine of *res judicata*. 2A Moore's Federal Practice ¶ 8.13, at 8-61 through 8-62 (2d ed. 1987). "The rule also serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." Chodos v. F.B.I., 559 F. Supp. 69, 71 (S.D.N.Y. 1982), aff'd mem., 697 F.2d 289 (2d Cir. 1982).

While the pleading of a *pro se* litigant should be liberally construed in his favor, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because plaintiff fails to allege facts to support a claim against the defendant, the

present complaint fails to satisfy Rule 8 and cannot be sustained in its present form. Moreover, plaintiff fails to establish that this Court has subject matter jurisdiction over his complaint.

C.  Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331),[2] or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc. 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3). Therefore, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff's complaint does not allege federal question jurisdiction. Furthermore, plaintiff cannot avail himself of diversity jurisdiction as both he and the defendant are residents of Staten Island, New York. Compl. ¶¶ I-II.

---

[2]To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d. Cir. 1975).

3

## CONCLUSION

Nevertheless, plaintiff shall be afforded an opportunity to amend his complaint. Gomez, 171 F.3d at 795. Accordingly, plaintiff is hereby directed to file an amended complaint within thirty (30) days of the date of this Order (1) setting forth the basis for the Court's jurisdiction, and (2) pleading his claims against defendant to comply with Fed. R. Civ. P. 8.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the time allotted, the action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
August 10, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

THOMAS G. MAZZA,

                Plaintiff,

-against-

AMERICA ONLINE INC.,
TRILEGIANT CORP.,

                Defendants.
----------------------------------------X

**MEMORANDUM
AND ORDER
05-CV-3545 (SLT)**

TOWNES, United States District Judge:

Plaintiff brings this *pro se* action against defendants seeking $1,000,000,000 in damages.[1] Plaintiff's one-page complaint consists of the following: "The jurisdiction of this court is invoked pursuant to FRAUD ... Unorthorize [sic] electronic withdrawal of money from my checking account." Compl. ¶¶ III-IV. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, plaintiff is directed to file an amended complaint within thirty (30) days from the date of this Order.

## DISCUSSION

A.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

---

[1] Plaintiff has filed two other cases in this Court: Mazza v. Caputo, 05-CV-3546 (SLT) (pending); Mazza v. City of New York, 04-CV-5081 (SLT) (dismissed Dec. 10, 2004).

1

from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Second Circuit has held that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999)).

B. Federal Rules of Civil Procedure 8 and 9

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." It is well-settled that a pleading must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957), so as to enable the adverse party to answer and prepare for trial and to allow for the application of the doctrine of *res judicata*. 2A Moore's Federal Practice ¶ 8.13, at 8-61 through 8-62 (2d ed. 1987). "The rule also serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." Chodos v. F.B.I., 559 F. Supp. 69, 71 (S.D.N.Y. 1982), aff'd mem., 697 F.2d 289 (2d Cir. 1982).

While the pleading of a *pro se* litigant should be liberally construed in his favor, Haines

2

v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. The present complaint fails to satisfy Rule 8 and cannot be sustained in its present form.

Furthermore, plaintiff fails to satisfy the requirement for pleading fraud as set forth in Fed. R. Civ. P. Rule 9(b), which states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

With regard to the particularity requirement, a complaint charging fraud must "(1) detail the statements ... that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements ... were made, and (4) explain why the statements are fraudulent." Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 275 (2d Cir. 1998) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996)). In addition, where there are multiple defendants, each defendant must be provided with specific information alleging his or her individual participation in the "fraudulent conduct." DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987).

Plaintiff's allegations fail to satisfy the particularity requirements with respect to pleading fraud against defendants. Moreover, plaintiff fails to establish that this Court has jurisdiction over his complaint.

C.  Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is

3

available only when a "federal question" is presented (28 U.S.C. §1331),[2] or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc. 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3). Therefore, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff's complaint does not allege federal question jurisdiction. Plaintiff's minimal allegations claim that defendants withdrew or allowed withdrawal of funds from his checking account without authorization, but provides no other specific information. Plaintiff is advised that claims regarding fraudulent withdrawals from bank accounts generally arise under state law. See, e.g., Tevdorachvili v. The Chase Manhattan Bank, 103 F. Supp. 2d 632, 636 (E.D.N.Y. 2000) (plaintiff's claims against bank concerning fraudulent transfers from his checking account arise under state law, and district court only has jurisdiction under diversity statute) (citing Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000)).

---

[2]To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d. Cir. 1975).

Plaintiff is a resident of Staten Island, New York and only states that one of the defendants "[has its] main office at ... Jacksonville, Florida." Compl. ¶¶ I-II. Plaintiff does not specify the citizenship of the other defendant. Even if plaintiff were to establish that complete diversity of citizenship exists between the parties, plaintiff's allegation of $1,000,000,000 in damages must be based on actual, non-speculative damages. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Additionally, "with mounting federal case loads, ... it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" Tongkook, 14 F.3d at 784 (quoting Deutsch v. Hewes St. Realty Corp., 359 F.2d 96, 98 (2d Cir. 1996)) (parentheticals in original). "Before determining that the amount in controversy requirement has not been met, the court must afford the opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible." Chase Manhattan Bank, 93 F.3d at 1070 (quotations omitted).

Accordingly, plaintiff shall be afforded thirty (30) days to replead.

## CONCLUSION

Plaintiff is hereby directed to file an amended complaint within thirty (30) days of the date of this Order (1) setting forth the basis for the Court's jurisdiction and (2) pleading his claims against defendants to comply with Fed. R. Civ. P. 8 and 9 as set forth above.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the time allotted, the action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Sand_____
United States District Judge

Dated: Brooklyn, New York
August 10, 2005